HANNAH S. HAYDAY ET AL., PROSECUTORS, v. OCEAN CITY.

Submitted July 5, 1901—Decided November 11, 1901.

An adjusted assessment, made by commissioners under the Martin act, although irregular for the reason that it embraces several lots which were originally assessed separately, will not be set aside on *certiorari*, after it has been submitted to and confirmed by the Circuit Court as provided by the statute.

On *certiorari*.

Before Justices GUMMERE and HENDRICKSON.

For the prosecutors, *George A. Bourgeois, Jr.*

For the defendant, *Burrows C. Godfrey.*

The opinion of the court was delivered by

GUMMERE, J. The writ in this case is brought to review an assessment imposed in 1899 upon property owned by the prosecutors, by the commissioner of adjustment for Ocean City, appointed and acting under the provisions of the law generally known as the Martin act. *Pamph. L.* 1886, *p.* 149. This assessment is an adjustment of assessments which had been imposed upon the said property in the years 1892 and 1895 by the proper municipal authorities of the defendant corporation.

The original assessments were laid against the property of the prosecutors for paving the sidewalks in front thereof with flagstone, and most of the reasons upon which the attack made on the action of the commissioners of adjustment is based, go to the legality of the action of the municipal authorities in laying these original assessments. Such objections will not be considered now. This writ was not sued out until June 23d, 1900, and the prosecutors will not be permitted, after so great a lapse of time (eight years in one case and five years in the other), to challenge the legality of the municipal action. Their laches is too gross.

The only other ground upon which the action of the commissioners of adjustment is attacked, is that they adjusted the assessment upon several of the lots of the prosecutors, collectively. Although this. was erroneous, the objection cannot prevail. By the provision of the Martin act, re-assessments made by commissioners of adjustment are to be submitted to, and confirmed by, the Circuit Court of the county wherein the municipality lies, and this is to be done after due notice is given to all parties in interest. In the present case the prosecutors were informed of the fact that the action of the adjustment commissioners would be submitted to the Circuit Court of Cape May county for its approval, and they had an oppor-

tunity then to object to the confirmation of the report for the reason which they now present. They neglected to avail themselves of that opportunity. ' The report was confirmed by the Circuit Court. The Martin act makes the report of commissioners final and conclusive upon the rights of parties affected thereby when confirmed by the Circuit Court. The object of this legislation was to produce a result that would be a finality and end litigation, so far as it might justly do so. For this reason, as is said by Mr. Justice Van Syckel in *Benedictine Sisters* v. *Elizabeth,* 21 *Vroom* 347 : "It is obvious that the cases in which an application for review by *certiorari* can be favorably entertained must be very few in number. No relief can be had in this way against alleged irregularities in the proceedings of the commissioners or against undue or excessive assessments, or against alleged mistakes in the manner of making the assessments." The error in the action of the commissioners being a mere mistake in the manner of making the assessment, affords no ground for review by this proceeding.

The assessment brought up should be affirmed.